**Exhibit A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBIN GRAHAM ANDREWS | ) | Case No.:  08-00151-8-JRL |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| ROBIN GRAHAM ANDREWS, | ) | |
| | ) | |
| v.                                        Plaintiff | ) | |
| | ) | Adv. Pro. No.:  08-00119-8-JRL |
| VANDERBILT MORTGAGE AND FINANCE, | ) | |
| INC., successor in interest for Oakwood | ) | |
| Acceptance Corporation, LLC and | ) | |
| JPMORGAN CHASE BANK, as Trustee, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter, "Agreement") is executed as of this the 25th day of September, 2009, by and between Robin Graham Andrews (also referred to as "Plaintiff") and Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") and The Bank of New York Mellon as Trustee, Successor by Merger to The Bank of New York Company, Inc., Successor Trustee to JPMorgan Chase Bank, as Trustee for Oakwood Mortgage Investors, Inc. Senior/Subordinated Pass-Through Certificates, Series 2002-C ("JPMorgan"), all of whom are collectively referred to as the "parties."

WHEREFORE, the Plaintiff filed a petition under Chapter 13 on January 9, 2008 and JPMorgan, by and through its servicing agent, Vanderbilt, filed a proof of claim in the amount of $14,368.92.

WHEREFORE, Plaintiff filed the above-captioned Adversary Proceeding in objection to the proof of claim, alleging claims, as set forth in the Complaint, in defense and recoupment against JPMorgan arising from the making of said contract by the seller of the mobile home and also alleging affirmative claims against Vanderbilt for debt collection violations during the pre-petition collection of Plaintiff's consumer credit contract.

WHEREFORE, the Defendants deny the claims of the Plaintiff and Plaintiff disputes the indebtedness claimed by Defendants in the proof of claim,

WHEREFORE, since the filing of the Answer by Defendants Vanderbilt and JPMorgan in this action, The Bank of New York Mellon as Trustee, Successor by Merger to The Bank of New York Company, Inc., Successor Trustee to JPMorgan Chase Bank, as Trustee for Oakwood Mortgage Investors, Inc. Senior/Subordinated Pass-Through Certificates, Series 2002-C (hereinafter, "The Bank of New York Mellon"), has become the current owner, holder and assignee of Plaintiff's consumer credit loan to which this action relates.

WHEREFORE, JPMorgan, by and through its Successor, The Bank of New York Mellon, Vanderbilt and Plaintiff have decided to resolve their differences pertaining to the above-captioned matter pursuant to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree and bind themselves as follows:

1.   Loan Modification.  In connection with this Agreement, the parties have agreed to enter into the attached Loan Modification Agreement (herein "Loan Modification), the terms and conditions of which are incorporated herein.

2.   Amendment of Proof of Claim by Vanderbilt/JPMorgan/The Bank of New York Mellon. Vanderbilt, as servicing agent for The Bank of New York Mellon, Successor Trustee to JPMorgan, will, within five (5) days of the Court's entry of an Order approving this Settlement Agreement, amend its proof of claim from $14,368.92 to $5,000.00.  In accordance with this settlement, Vanderbilt agrees that the sum of $5,000.00 is the amount now owned under the consumer credit contract and it will neither seek nor claim any further pre-or post-petition sums of principal, interest or any other charges from Plaintiff through the plan.   Vanderbilt acknowledges and agrees that, as of the date of this Agreement, it will receive further payment, in the total principal amount of $5,000.00, outside the plan and otherwise as payments on such sum become due in accordance with the terms and conditions of this Agreement and the Loan Modification Agreement.

3.   Mutual Releases.

   a.   Release by Plaintiff.  Robin Graham Andrews, for herself and her heirs and assigns, hereby releases Vanderbilt, JPMorgan and The Bank of New York Mellon, as Successor Trustee to JPMorgan, and their successors, subsidiaries, parents, affiliates, assigns, officers, directors, employees and agents from any claim, demand or charge, whether known or unknown, accruing from the date of the consumer credit contract, June 12, 2002, to the date of this Agreement, which was or could have been alleged in this action or which relates in any way to Plaintiff's consumer credit contract, in consideration of the agreement of Defendants Vanderbilt, JPMorgan  and The Bank of New York Mellon, as Successor Trustee to JPMorgan, to the terms and conditions of this Agreement.

 b. <u>Release by Vanderbilt, JPMorgan and The Bank of New York Mellon as Successor Trustee to JPMorgan.</u> Vanderbilt Mortgage and Finance, Inc. JPMorgan Chase Bank, as Trustee, and The Bank of New York Mellon, as Successor Trustee to JPMorgan, their successors, subsidiaries, parents, affiliates, assigns, officers, directors, employees and agents, agree to release Robin Graham Andrews, and her heirs and assigns, from any claim, demand or charge, whether known or unknown, accruing from the date of Plaintiff's consumer credit contract, June 12, 2002 to the date of this Agreement, which could have been alleged as a counterclaim, or which could have been otherwise plead in the litigation, or which relates in any way to Plaintiff's consumer credit contract, in consideration of the agreement of Plaintiff to the terms and conditions of this Agreement.

4. <u>Settlement of Disputed Claims.</u> The parties acknowledge that the purpose of this settlement and Loan Modification Agreement is to settle disputed claims. Vanderbilt, JPMorgan and The Bank of New York Mellon, as Successor Trustee to JPMorgan, acknowledge and agree that any credit or payment application to the account, waiver of fees or costs, or reduction in sums claimed due from that set forth in its original proof of claim will not be characterized as forgiveness or cancellation of indebtedness nor will Vanderbilt, for itself or on behalf of JPMorgan or The Bank of New York Mellon, as Successor Trustee to JPMorgan, issue a 1099 or other similar form to the IRS as a result of any term or condition of this settlement.

5. <u>Costs.</u> The parties agree that they each will bear their own attorney's fees and costs incurred in connection with this action.

6. <u>No Oral Amendments</u>. No part of this Agreement shall be deemed altered, waived or amended except by a written memorandum thereof signed by all Parties hereto.

7. <u>Loan Documents Continue in Full Force and Effect</u>. The loan documents, including the consumer credit contract and the Certificate of Title securing the indebtedness, shall remain in full force and effect, except to the extent as either is modified by the Loan Modification Agreement.

8. <u>Benefit and Survival of Rights</u>. This Agreement shall be binding upon and inure to the benefit of JPMorgan, The Bank of New York Mellon as Successor Trustee to JPMorgan, Vanderbilt and Robin Graham Andrews and to each of their respective representatives, heirs, employees, partners, attorneys, successors, predecessors, employees, shareholders, directors, officers, assigns, agents and affiliates. No other person, firm, corporation or entity shall be deemed a beneficiary of this Agreement to any extent for any reason. All of the representations, covenants and warranties of the parties under this Agreement shall survive the date of execution.

7. <u>Applicable Law</u>. This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of North Carolina.

8. <u>Severability</u>. In the event that any portion of this Agreement is found to be

unenforceable, the portion of the Agreement that is unenforceable shall be stricken from the Agreement and the remaining portions of this Agreement shall be enforced as written.

10.    <u>Acknowledgement of Authority</u>.  Each party to this Agreement warrants that he or she has full power and authority to enter into this Settlement Agreement and the attached Loan Modification Agreement, and each party further warrants that he or she has full authority to execute such documents on behalf of the party for which he or she signs.

FOR THE PLAINTIFF:

   This the _____ day of September, 2009.

_____
ROBIN GRAHAM ANDREWS

FOR THE DEFENDANTS:

                                                                This the _____ day of _____, 2009.

   This the _____ day of _____, 2009.

Vanderbilt Mortgage and Finance, Inc.

By:_____
             (Signature)

_____
             (Name and Title)

The Bank of New York Mellon, as Trustee, Successor by Merger to The Bank of New York Company, Inc., Successor Trustee to JPMorgan Chase Bank, as Trustee for Oakwood Mortgage Investors, Inc. Senior/Subordinated Pass-Through Certificates, Series 2002-C

By:_____
             (Signature)

_____
             (Name and Title)